Minute Order Form (06/97)


JSG

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1700 | **DATE** | 7/8/2004 |
| **CASE TITLE** | STEEL WORKERS, ET AL vs. SLOAN VALVE CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion (10-1) for summary judgment is denied. Defendant's motion (4-1) for summary judgment is granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | JUL 1 3 2004 date docketed |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | docketing deputy initials |
| ✓ | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK |
| DW | courtroom deputy's initials | 2004 JUL 12 PM 6:31 |
| | | Date/time received in central Clerk's Office |

Document Number: 13

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STEEL WORKERS OF AMERICA, AFL-CIO and LOCAL UNION 7999 UNITED STEEL WORKERS OF AMERICA, | |
| Plaintiffs, | No. 04 C 1700 <br> Judge James B. Zagel |
| v. | |
| SLOAN VALVE COMPANY, | |
| Defendant. | |



## MEMORANDUM OPINION AND ORDER

Since late December 2003, Defendant Sloan Valve Company ("Sloan Valve") has refused to proceed with the arbitration of a grievance initiated by Plaintiff Local Union 7999 United Steel Workers of American ("Union"), concerning the discharge of former Sloan Valve employee and union member Frances Poisson. In response, Plaintiffs filed this suit, pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, asking for an order compelling Sloan Valve to proceed with the arbitration.

Both parties now claim that summary judgment in their favor is appropriate. Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). In determining whether any genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue of fact



exists only when, based on the record as a whole, a reasonable jury could find for the non-movant. *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999).

Before delving further into the parties' motions, I must first address Plaintiffs' failure to comply with Local Rule 56.1(b). Both Plaintiffs and Sloan Valve filed independent Statements of Uncontested Facts. Plaintiffs, however, failed to file a response to Sloan Valve's Statement, in violation of Local Rule 56.1(b)(3)(A). As a result, the entirety of Sloan Valve's Statement of Uncontested Facts is deemed admitted, pursuant to Local Rule 56.1(b)(3)(B).[1] *See Ammons v. Aramark Uniform Serv., Inc.*, No. 03 C 1036, U.S. 2004 App. LEXIS 10061 at *16 (7th Cir. May 21, 2004) (holding "a district court is entitled to expect strict compliance with Rule 56.1"); *Echols v. Skipper*, No. 00 C 2244, 2001 U.S. Dist. LEXIS 12411 at *8 (N.D. Ill. Aug. 15, 2001) (plaintiff failed to submit a statement of contested facts so the court found "no genuine issue as to the facts set forth by the defendants"). The facts stated by Sloan Valve are supported by more

---

[1] Plaintiffs have admitted the following relevant facts:
- On November 3, 2003, the Union filed a Step 1 grievance, concerning Poisson's termination.
- On November 5, 2003, Sloan Valve Responded to the grievance, stating Poisson's discharge was "for just cause."
- On November 11, 2003, the Union requested a Step 2 grievance.
- On November 17, 2003, Sloan Valve held a discharge hearing for Poisson, Step 3 of the grievance process.
- On November 20, 2003, Sloan Valve upheld its discharge decision and issued a written decision to that effect.
- On December 23, 2003 and January 23, 2004, Sloan Valve issued memoranda to the Union's grievance committee stating that, because the Union failed to appeal within the time allowed by the CBA, Sloan Valve deemed Poisson's grievance settled.
- On January 30, 2004, the Union gave Sloan Valve written notice of its intent to appeal Poisson's grievance to arbitration.
- On February 26, 2004, Sloan Valve made a final response to the Union, stating that the grievance was not subject to arbitration because the Union had not made a timely appeal.

2

than enough evidence in the record to make their admission proper. *Curran v. Kwon*, 153 F.3d 481, 485-486 (7th Cir. 1998). However, in the interest of fundamental fairness, I did review the Plaintiffs' Statement and did not find any facts that conflicted with or were refuted by the facts in Sloan Valve's Statement.

On November 17, 2003, Poisson, the Union, and Sloan Valve met to conduct a discharge hearing after which, on November 20, 2003, Sloan Valve issued a letter affirming Poisson's dismissal. This hearing constituted Step 3 of the parties' four step grievance process, as specified in the parties' Collective Bargaining Agreement ("CBA"). Step 3 is the last step in that process before the Union can appeal to arbitration.[2] After receiving Sloan Valve's final letter affirming Poisson's dismissal, the Union had the option to proceed to Step 4 and appeal for arbitration "by giving written notice...to [Sloan Valve] within thirty days after the date of [Sloan Valve's] final answer in Step 3." (CBA Article XVI, Section 2). Thus, the Union had until December 20, 2003 to provide Sloan Valve with notice of appeal. The Union, however, did not do so until January 30, 2004, well after the time period for appeal had expired. According to Step 4, "if such notice is not given as provided, the grievance is not subject to arbitration."

Because of this exclusionary clause, Sloan Valve argues that untimely appeals are not within scope of the CBA's arbitration clause and, therefore, it has no duty to proceed with arbitration of Poisson's grievance. Plaintiffs, on the other hand, argue that timeliness is an issue

---

[2] The grievance hearing constituted Step 3 of the grievance procedure for two reasons. First, the Union's grievance concerning Poisson's discharge had moved through the standard grievance procedure laid out in Article XVI of the parties' CBA. (See admitted facts in fn. 1). Second, it was automatically considered a Step 3 grievance. According to Article XIII, Section 2 of the parties' CBA, all discharge "grievances shall be processed at Step 3 of Article XVI, in accordance with and subject to the balance of the grievance procedures."

of procedure, not scope, to be dealt with in arbitration. When there is a question of scope, courts may properly decide whether the subject matter of a dispute falls within the parties' arbitration clause. *John Wiley & Sons v. Livingston, Inc,* 376 U.S. 543 546-47 (1964). Once the court determines that the subject matter falls within the arbitration agreement, any remaining procedural issues, such as whether the parties fulfilled their respective obligations under the agreement, should be left to the arbitrator. *Id.* at 557-58. Doubts about whether "the arbitration clause...covers the asserted dispute...should be resolved in favor of coverage." *AT&T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 650 (1986).

To determine if judicial review is appropriate, I must decide whether untimeliness, in the context of this case, is a procedural or substantive issue. Untimeliness is usually categorized as a procedural issue. *See Niro v. Fearn Int'l, Inc.,* 827 F.2d 173 (7th Cir. 1987); *Chicago Typographical Union No. 16 v. Chicago Sun Times, Inc.,* 860 F.2d 1420 (7th Cir. 1988). However, in most cases where untimeliness has been deemed procedural, it has not been expressly called out by the parties' arbitration agreements. The Sixth Circuit was confronted with a similar exclusionary language in *General Drivers, etc. Local Union 89 v. Moog Louisville Warehouse, Inc.,* 852 F.2d 871, 873 (6th Cir. 1988). In *Moog,* the parties' CBA, much like the one before me now, stated that "if the union fails to notify the Company...within 15 calendar days after the Company gives its answer in writing...the grievance shall not thereafter be arbitrable." *Id.* at 873. The Sixth Circuit found that this language limited the scope of the arbitration clause to those claims which were timely filed and created a substantive issue for the court's review. *Id.* While the Seventh Circuit has not addressed this exact issue, it has recognized that "the parties may expressly exclude specific issues from arbitration in the collective bargaining agreement."

4

*Local 232, Allied Industrial Workers v. Briggs & Stratton Corp.*, 837 F.2d 782, 786 (7th Cir. 1988).

Here, the CBA includes an express provision stating that if proper timely notice is not given "the grievance is not subject to arbitration." It is clear to me that this clause was meant to exclude untimely noticed appeals from Sloan Valve's duty to arbitrate grievances and is, therefore, substantive. I see no other reasonable interpretation. Because this clause is directed at the scope of the arbitration clause, it falls squarely within the realm of judicial review. As with any other contract, the parties are bound by the terms of their negotiated agreement. Here the parties' agreement included express requirements for proper, timely notice to which the Plaintiffs did not conform. It also included express consequences for failure to provide timely notice. Since the Plaintiffs failed to provide the requisite timely notice of appeal, I find that Sloan Valve is not obligated by the parties' CBA to proceed to arbitration.

For the reasons stated herein, Plaintiffs' Motion for Summary Judgment and for Attorneys' Fees and Costs is DENIED. Defendant's Motion for Summary Judgment is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 8 July 2004